Zimmerman, J.,
concurring in this case and in cases Nos. 37110, 37111 and 37112, at page 604, and in cases Nos. 37276, 37277 and 37473, at page 585. Although I was one of the concurring judges in the cases of City of Cleveland v. Public Utilities Commission, 164 Ohio St., 442, 132 N. E. (2d), 216, Ohio Fuel Gas Co. v. Public Utilities Commission, 171 Ohio St., 10, 167 N. E. (2d), 496, and Ohio Edison Co. v. Public Utilities Commission, 173 Ohio St., 478, 184 N. E. (2d), 70, I am now of the view that the formulae and procedures outlined and adopted in the two latter cases, which set up a hypothetical company, represent an overly complicated and technical method for determining accurately the rate of return to be allowed a public utility on the rate base as prescribed by statute. It is apparent that neither interested municipalities, the public utilities, nor the Public Utilities Commission is satisfied with the law f>s most recently pronounced by this court. It seems to me that Judge O’Neill in his majority opinions in these cases has materially simplified the methods of procedure to be followed by the Public Utilities Commission in fixing a fair rate of return *582 in line with statutory provisons, and, for these reasons, I am concurring therein.
Matthias, J., concurs in the foregoing concurring opinion.